UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHARLES EDGAR, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:24-cv-115 |
| v. | ) | Judge Atchley |
| APPLE, INC. & SEDGWICK, | ) | Magistrate Judge Lee |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sedgwick Claims Management Services, Inc.'s ("Sedgwick") Motion to Dismiss [Doc. 10] and Defendant Apple, Inc.'s ("Apple") Motion to Dismiss [Doc. 13]. Both Sedgwick and Apple seek dismissal of Plaintiff's employment discrimination claims. For the reasons explained below, both motions will be **GRANTED**, and Plaintiff's Complaint [Doc. 1] will be **DISMISSED WITH PREJUDICE**.

I. FACTUAL BACKGROUND

Plaintiff Charles Edgar, proceeding pro se, filed a Complaint against Defendant Sedgwick and Defendant Apple. [Doc. 1]. Plaintiff alleges that Sedgwick and Apple violated the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and the Fourteenth Amendment's Equal Protection Clause. [*Id.* at 3]. Plaintiff's Complaint contains minimal allegations, and they are confined to a single paragraph. [*Id.* at 4].

Plaintiff alleges that he suffers from "a combination of both physical and mental health disabilities." [*Id.*]. Both "the Veterans Administration and the Social Security Administration" have verified Plaintiff's disability. [*Id.*]. Despite his verified disability, Plaintiff claims that Apple,

through its subcontractor Sedgwick, has denied his mental and physical health disability claims repeatedly. [*Id.*]. Faced with these denials, Plaintiff alleges that he "was forced to use FLOA instead of disability insurance, culminating in an exhaustion of available FLOA days." [*Id.*]. Apple then "used Sedgwick to determine that Plaintiff had not proven the disability claim" and refused to allow Plaintiff to return to work. [*Id.*]. Plaintiff attempted to return to work on multiple occasions, but Apple informed him that he had voluntarily abandoned his job. [*Id.*].

Sedgwick and Apple both filed motions to dismiss Plaintiff's Complaint. [Docs. 10, 13]. Plaintiff did not file responses to either motion and the time to do so has long since passed. Accordingly, both motions to dismiss are now ripe for the Court's review.

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

"The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Notwithstanding these governing standards, pleadings filed by pro se litigants are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the leniency afforded, whatever its extent, does not mean that pro se plaintiffs are "automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

**III. ANALYSIS**

Sedgwick and Apple each filed motions to dismiss. [Docs. 10, 13]. Though their arguments in favor of dismissal often overlap, the Court will address Sedgwick and Apple's motions separately. For the following reasons, both Sedgwick and Apple's motions to dismiss prove meritorious, and Plaintiff's Complaint is subject to dismissal.

**A. Sedgwick's Motion to Dismiss**

Sedgwick advances several arguments to support dismissal of Plaintiff's Complaint. Most notably, Sedgwick contends that Plaintiff failed to exhaust his administrative remedies and cannot satisfy the elements of the claims he asserts. [Doc. 11 at 4, 7–9]. Though the Court declines to dismiss Plaintiff's Complaint for failure to exhaust at this stage of the litigation, Plaintiff's claims nonetheless fail on the merits and are subject to dismissal.

**1. Administrative Exhaustion**

Plaintiffs must exhaust their administrative remedies before filing a suit that alleges violations of federal employment discrimination laws. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). One component of a plaintiff's administrative exhaustion is the named-party rule, which requires the plaintiff to name all parties in an EEOC charge before filing

3

suit against them. *Jones v. Truck Drivers Loc. Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). "It is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge." *Id.* (citations omitted).

Sedgwick seeks dismissal of Plaintiff's Complaint based on a failure to comply with the named-party rule. [Doc. 11 at 4–5]. Plaintiff attached the EEOC's Notice of Right to Sue ("Notice") to his Complaint, but the Notice is only addressed to Plaintiff and counsel for Apple. [Doc. 1 at 6–7]. Because the Notice does not address Sedgwick, the named-party rule would operate to preclude Plaintiff from maintaining this suit against Sedgwick, unless one of the two exceptions applies. Plaintiff alleges no facts to suggest Sedgwick "unfairly prevented the filing of an EEOC charge." *Jones*, 748 F.2d at 1086. Nor does Plaintiff elaborate on a "clear identity of interest" between Apple, which was named in the Notice, and Sedgwick. *Id.* Plaintiff's only potentially relevant allegation on this point comes when he refers to Sedgwick as a subcontractor of Apple. [Doc. 1 at 4].

Despite the named-party rule's apparent application, the Court declines to dismiss Plaintiff's Complaint on this ground. The Court's ruling is informed, at least in part, by the Sixth Circuit's decision in *Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544 (6th Cir. 2013). There, the Sixth Circuit reversed the district court's dismissal of the pro se plaintiff's Title VII claims for failure to comply with the named-party rule. *Id.* at 547–48. The *Lockhart* court noted its reluctance "to dismiss complaints based on affirmative defenses" such as failure to exhaust "at the pleading stage and before any discovery has been conducted." *Id.* at 547 (citing *Pfeil v. State St. Bank & Tr. Co.*, 671 F.3d 585, 599 (6th Cir. 2012)). Ultimately, the Sixth Circuit concluded that the record was "insufficiently developed" to permit an identity-of-interest inquiry, and

4

discovery would be necessary "before it may be determined whether Defendants have a 'clear identity of interest' with the party named in Plaintiff's EEOC charge." *Id.* at 547–48.

Though Plaintiff likely failed to comply with the named-party rule, the Court concludes that dismissal on this ground would be inappropriate based on the current record. To say the record is "insufficiently developed" would be an understatement. *Id.* at 547. Plaintiff's Complaint is limited to a single paragraph of allegations, and the Complaint describes Sedgwick as Apple's subcontractor, without further elaboration. [Doc. 1 at 4]. In its motion to dismiss, Apple attempts to shed light on its relationship with Sedgwick. [Doc. 14 at 2–3]. Matters outside Plaintiff's Complaint, however, ordinarily may not be considered when ruling on a motion to dismiss. *In re Fair Fin. Co.*, 834 F.3d 651, 656 n.1 (6th Cir. 2016) (citation omitted). Accordingly, the Court will not dismiss Plaintiff's Complaint against Sedgwick based on a failure to exhaust.

### 2. Plaintiff's Claims Against Sedgwick

Plaintiff's Complaint identifies the ADA, Title VII, GINA, and the Fourteenth Amendment's Equal Protection Clause as the statutes and constitutional provisions at issue in this case. [Doc. 1 at 3]. Beyond listing them, Plaintiff does not tie any of these statutes and constitutional provisions to his Complaint's allegations. Considering this deficiency, Plaintiff's ADA, Title VII, GINA, and Fourteenth Amendment claims against Sedgwick fail on the merits. The Court will address each of Plaintiff's claims below.

*ADA Claim*. To succeed on an ADA claim, a plaintiff must establish that (1) he has a qualifying disability; (2) is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) suffered an adverse employment action because of his disability. *Henschel v. Clare Cnty. Rd. Comm'n*, 737 F.3d 1017, 1022 (6th Cir. 2013) (citations omitted). Plaintiff's Complaint is devoid of any allegations to suggest that he was qualified to

5

perform his job's essential functions, with or without a reasonable accommodation. Instead, Plaintiff's Complaint focuses solely on being denied disability claims and denied from returning to work. [Doc. 1 at 4]. Nowhere in his Complaint does Plaintiff allege what his essential job functions were, let alone whether he was qualified to perform them. To the contrary, Plaintiff's limited factual allegations detail his being on leave and denied the opportunity to return to work. [*Id.*]. There is no mention of Plaintiff being on the job, and "an employee who does not come to work cannot perform any of his job functions, essential or otherwise." *EEOC v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015) (citations omitted). Consequently, Plaintiff's Complaint fails to allege sufficient facts to satisfy the second element of his ADA claim.

*Title VII Claim*. Title VII exists to prohibit employers from discriminating against certain protected classes. 42 U.S.C. § 2000e-2. A prima facie case of employment discrimination requires the plaintiff to show that (1) he is a member of a protected class; (2) was qualified for his job; (3) suffered an adverse employment action; and (4) was treated differently from similarly situated employees outside his protected class. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008) (citations omitted). Title VII designates race, color, religion, sex, and national origin as protected classes. 42 U.S.C. § 2000e-2(a). Plaintiff's Complaint fails to allege his membership in any protected class, an omission which is fatal to his Title VII claim. And Plaintiff's mentioning of a disability does not establish his membership in a protected class because Title VII does not protect against disability discrimination. *Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006). Plaintiff's Title VII claim is therefore subject to dismissal.

*GINA Claim*. GINA provides that employers may not "request, require, or purchase genetic information with respect to an individual or family member of the individual" subject to certain exceptions. 42 U.S.C. § 2000ff-2(b). "GINA defines 'genetic information' as information about a

6

'genetic test' or 'the manifestation of a disease or disorder in family members.'" *Williams v. Graphic Packaging Int'l, Inc.*, 790 F. App'x 745, 754 (6th Cir. 2019) (quoting 42 U.S.C. § 2000ff(4)(A)). And a "genetic test" refers to "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes." 42 U.S.C. § 2000ff(7)(A). Plaintiff's Complaint contains no allegations to establish that Sedgwick (or Apple) ever requested, required, or purchased his genetic information. For this reason, Plaintiff's Complaint fails to state a claim for violation of GINA. *Taylor v. Vanderbilt Univ.*, No. 23-5285, 2023 WL 10947219, at *3 (6th Cir. Nov. 1, 2023) (affirming dismissal of the plaintiff's GINA claim because nothing in her complaint suggested that she was subjected to a genetic test or that her employer was provided with the results of a test).

*Equal Protection Claim*. Plaintiff's final claim alleges a violation of the Fourteenth Amendment's Equal Protection Clause. This claim fails for a simple reason: the Fourteenth Amendment "prohibits only state action, not private conduct." *United States v. Morrison*, 529 U.S. 598, 599 (2000). Sedgwick is a private actor, so it cannot be held be liable under the Fourteenth Amendment for any actions it took against Plaintiff. Because Plaintiff's Complaint does not allege any state action, his Fourteenth Amendment claim must be dismissed.

    **B. Apple's Motion to Dismiss**

Apple moved separately to dismiss Plaintiff's Complaint. [Doc. 13]. In its motion, Apple raises many of the same arguments Sedgwick made. Indeed, like Sedgwick, Apple asserts that Plaintiff fails to allege that he is a member of a protected class or can perform the essential functions of his job. [Doc. 14 at 7, 9]. Apple also contends, as did Sedgwick, that Plaintiff's Complaint contains no allegations to suggest that GINA was violated or that state action occurred. [*Id.* at 10–11]. The arguments Sedgwick raised apply with equal force to Apple. Plaintiff's failure

7

to allege that he can perform essential job functions dooms his ADA claim against Apple, and his failure to plead membership in a protected class precludes his Title VII claim against Apple. Moreover, Plaintiff's Complaint lacks any allegations to indicate that Apple violated GINA or engaged in state action, which means his GINA and Fourteenth Amendment claims against Apple must be dismissed as well.

## IV. CONCLUSION

Plaintiff's Complaint fails to allege sufficient facts to support his ADA, Title VII, GINA, and Fourteenth Amendment claims against Sedgwick and Apple. Accordingly, Sedgwick's Motion to Dismiss [Doc. 10] and Apple's Motion to Dismiss [Doc. 13] are both **GRANTED**. Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE**. A separate Judgment Order will enter.

SO ORDERED.

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**